IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINDA NELSON, | ) | 4:14CV3010 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENISE SKROBECKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on its own motion. On June 18, 2014, the court conducted an initial review of Plaintiff's Complaint. The court determined Plaintiff's claims for injunctive relief against Defendants in their official capacities could proceed to service of process, along with Plaintiff's claims against Defendants in their individual capacities. (Filing No. 9.) The court ordered the clerk's office to deliver to Plaintiff summons forms for service on Defendants in their individual and official capacities with instructions that she complete and return the forms to the court. The court warned Plaintiff that failure to obtain service of process on Defendants within 120 days could result in dismissal of this matter. (*See* Filing No. 9 at CM/ECF p. 9.) Plaintiff did not return the summons forms to the court.

  On October 30, 2014, the court ordered Plaintiff to show cause within 21 days why this case should not be dismissed for want of prosecution. The court's order stated, in relevant part:

> To date, Plaintiff has not returned the summons forms or taken any other action in this case. Thus, Plaintiff is ordered to show cause within 21 days why this case should not be dismissed for want of prosecution.
>
>   Plaintiff provided the address for the Nebraska Center for Women in her Complaint, where all of the named defendants are employed. Therefore, the officers of this court will complete the service of process

forms if Plaintiff is unable to do so. *See Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (per curiam) (where inmate's complaint listed all defendants' addresses, it was improperly dismissed under Federal Rule of Civil Procedure 4(m) for lack of timely service, as completing waiver-of-service forms was component of "all process" and "all duties" required by court officers, and was United States Marshals' responsibility). However, Plaintiff must provide some indication that she wishes to continue to prosecute this matter.

(Filing No. 10 at CM/ECF p. 1.)

Plaintiff filed a response (Filing No. 11) on November 14, 2014, in which she set forth that she did not receive the summons forms because she has been held at the Sarpy County Jail since May 21, 2014. Plaintiff explained that she did not update her address with the court because she is "always expecting to go back to York."[1]

For good cause shown, the court will extend the time in which Plaintiff has to serve Defendants with process. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."). Here, Plaintiff provided the address for the Nebraska Center for Women in her Complaint, where all of the named defendants are employed. Accordingly, the court will direct the clerk's office to prepare and issue summons forms and USM-285 forms using the information provided by Plaintiff (*see* Filing No.

---

[1] When Plaintiff filed this action she was incarcerated at the Nebraska Correctional Center for Women in York, Nebraska. (Filing No. 1 at CM/ECF p. 1.) The clerk's office has updated the court's records to reflect that Plaintiff is currently incarcerated at the Sarpy County Jail in Papillion, Nebraska. The court cautions Plaintiff that it is her responsibility to update her address with the court and failure to do so in the future could result in dismissal of this case.

1 at CM/ECF pp. 1-2), and forward the forms to the Marshals Service for service of process.²

  IT IS THEREFORE ORDERED that, on the court's own motion:

  1. For good cause shown, Plaintiff shall have until January 2, 2015, in which to properly effect service upon Defendants.

  2. The clerk's office is directed to complete summons forms and USM-285 forms using the information provided by Plaintiff (*see* Filing No. 1 at CM/ECF pp. 1-2) for each of the Defendants, and forward them and the Complaint to the Marshals Service for service of process on Defendants.

  3. The clerk's office is directed to send a copy of the summons forms for each of the Defendants to the Office of the Nebraska Attorney General together with a copy of the Complaint and this Memorandum and Order.

  4. The clerk's office shall set a pro se case management deadline using the following text: January 2, 2015: check completion of service.

---

²The court cautions Plaintiff that it is *her* responsibility to properly identify Defendants and where they can be served. See *Gustaff v. MT Ultimate Healthcare*, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007). If Defendants cannot be effectively served with process at the address she has provided, the failure will be imputed to her, and her claims may still face dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DATED this 17th day of November, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.